UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

                               Plaintiff,

       v.

PAUL PASTOR, CHAD DICKERSON,
and JOHN DOE OFFICERS 1-3,

                           Defendants.

No. C12-5183 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: July 6, 2012**

Before the Court is the Motion to Dismiss of Defendants Chad Dickerson and Paul Pastor. ECF No. 17. Plaintiff Hillary Walls filed a response. ECF No. 18. Defendants filed a reply. ECF No. 19. Prior to the filing of Defendants' motion to dismiss, Plaintiff filed a motion to amend his complaint. ECF No. 11. The motion was denied under separate Order.

For the reasons set forth below, the undersigned recommends that Defendants' motion to dismiss be denied and that Plaintiff be given an opportunity to file an amended complaint to cure the deficiencies noted herein. Plaintiff's motion for sanctions should also be denied.

### PLAINTIFF'S COMPLAINT

Plaintiff makes the following allegations in his complaint: On April 20, 2011, Defendant Chad Dickerson failed to properly investigate Plaintiff's report of identity theft, theft of other personal property, and forgery. ECF No. 7, at 4. Defendant Dickerson failed to investigate the loss because Defendant Dickerson believes Plaintiff is a crazy person who uses a fake disability to falsely collect government compensation. Defendant Dickerson violated police department policy by not filing a police report regarding Plaintiff's loss for more than four months after the

REPORT AND RECOMMENDATION - 1

incident and for failing to process evidence given to him by Plaintiff contrary to police department policies. *Id.*, at 5-6.   Sheriff Paul Pastor knew or should have known that Defendant Dickerson would violate Plaintiff's constitutional rights given Defendant Dickerson's past conduct and past complaints about his conduct. *Id.,* at 7.

Defendant Dickerson failed to investigate the criminal theft complaint solely because of Plaintiff's disability in violation of the American with Disabilities Act. *Id.*, at 5.   Defendant Dickerson failed to investigate the criminal theft complaint because of Plaintiff's race.

Plaintiff also alleges, without factual support, that the "Defendants were all acting in there [sic] official positions when they violated the constitution and due process of law equal protection of the law." *Id.*   Plaintiff filed a motion to amend (ECF No. 11) to drop his claims against Defendants "in their official capacities" because he has learned that "neither the state nor its officials acting in their official capacities are persons" who can be held liable under 42 U.S.C. 1983.   ECF No. 11.   The motion to amend has been denied under separate Order.   (While the Court would normally have allowed Plaintiff to amend his complaint to drop his official capacity claims, the proposed amendment does not address the deficiencies and issues raised herein.)

## STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).   All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.   A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id*., quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

REPORT AND RECOMMENDATION - 3

# MOTION FOR SANCTIONS

In response to Defendants' motion to dismiss, Plaintiff submitted a pleading entitled "Objections to Defendants Motion to Dismiss under Rule 12B(6) and Plaintiff's Motion to Show Cause Why the Court Should Not Order the Imposition of Sanctions on Defendants Attorney For Willfully Mistaking the Facts and Misleading the Court." ECF No. 18

Rule 11 requires that an attorney sign a pleading, motion, or other paper, only if, "to the best of [his] knowledge, information and belief formed after reasonable inquiry[,] it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. . . ." Fed. R. Civ. P. 11. The Ninth Circuit has held that the Rule 11 standard is identical to the standard used to determine whether or not a prevailing civil rights defendant is entitled to attorneys' fees. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986), *abrogated on other grounds*, 496 U.S. 384 (1990). To award attorneys' fees under the civil rights acts, the district court must find that the action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). A pleading, motion or other paper well grounded in fact and law cannot be sanctioned regardless of subjective intent. *Zaldivar*, 780 F.2d at 832. Under this approach, a pleading or motion is not "warranted by law" where no "plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted." *Paciulan v. George*, 38 F.Supp.2d 1128, 1144 (N.D. Cal. 1999) (quoting *Zaldivar*, 780 F.2d at 833)).

Plaintiff makes no showing that Defendants' motion is not warranted by law. Instead, he appears to argue that Defendants' motion is largely without merit because they were aware that he had already filed a motion to amend his complaint. ECF No. 11. That motion has been dismissed under separate Order. In addition, as noted above, the motion to amend merely

REPORT AND RECOMMENDATION - 4

addressed Plaintiff's claims against Defendants to the extent that they were "acting in their official capacities". *See* ECF No. 11.

The deficiencies and issues raised in Defendants' motion to dismiss are not grounds for Rule 11 sanctions. While Plaintiff may disagree with Defendants' arguments, he has failed to provide the Court with any evidence that the arguments submitted by Defendants are frivolous, unreasonable or without foundation. Therefore, his motion for sanctions should be denied.

## DISCUSSION

**A.    Stating a Claim Under Section 1983**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981);

*Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976).

Liberally construed, Plaintiff claims that (1) Defendant Dickerson failed to investigate a criminal theft complaint; (2) Defendant Pastor failed to supervise Defendant Dickerson; (3) Defendants violated his due process rights; and (4) Defendants violated his right to equal protection under the law.

### 1.     Failure to Investigate

Defendants argue that the Plaintiff's Section 1983 claim should be dismissed to the extent that it relies upon their actions because Plaintiff has no constitutional right to an adequate investigation. It is true, as a general principle, that an inadequate investigation does not provide a basis for a Section 1983 claim unless the investigation infringed upon another constitutionally protected right. *Gomez v. Whiteney,* 757 F.2d 1005, 1006 (9th Cir. 1985). However, Plaintiff has cited two substantive rights of which he was allegedly deprived: due process and equal protection. *Gomez* therefore does not provide an independent basis for dismissal of Plaintiff's Section 1983 claim against the individual Defendants, assuming that he has adequately stated a claim for violation of his due process and equal protection rights. As discussed below, Plaintiff's due process and equal protection claims are deficient. The undersigned recommends that he be given an opportunity to cure the deficiencies.

REPORT AND RECOMMENDATION - 6

## 2. Due Process

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570–71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir.1995). The Due Process Clause confers both procedural and substantive rights. *Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir.1996) (en banc).

To state a procedural due process claim, a plaintiff must allege facts showing a deprivation of a constitutionally protected liberty or property interest, and a denial of adequate procedural protections. *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir.2011); *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.2003).

Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir.1988). The Supreme Court has clearly held, however, that where a particular Amendment provides an explicit textual source of constitutional protection against particular government behavior, that Amendment, not the more generalized notion of "substantive due process," must be used to analyze such claims. *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct.

Here, Plaintiff alleges no deprivation of any protected liberty or property interest and identifies no procedural protections that he was denied that could form a basis for a claim of denial of procedural due process. Further, before the Court may determine whether a particular Amendment provides the explicit textual source of constitutional protection, Plaintiff must identify the particular government behavior that forms the basis of his due process claims.

### 3.    Equal Protection

The equal protection clause of the Fourteenth Amendment serves to "secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75, 141 L.Ed.2d 1060, 1063 (2000).  Consistent with this principle, an individual may sue for denial of equal protection as a "class of one." *Id*.  In order to succeed upon such a claim, the plaintiff must prove that he or she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *The Fishing Co. of Ala. v. United States*, 195 F.Supp.2d 1239, 1254 (W.D.Wash.2002) (internal citation and quotation marks omitted).

Plaintiff alleges only that Defendant Dickerson failed to investigate his theft claim because of his race and because of his disability.  He fails to include any factual allegations to support this conclusory statement.  He does not allege that he was treated different from other similarly situated persons, that the difference in treatment was intentional, or that there was no rational basis for the difference in treatment.

### 4.    Failure to Supervise

An individual may be liable for deprivation of constitutional rights within the meaning of § 1983, only if "he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).  That is, a supervisor can be liable for constitutional violations of subordinates only if the supervisor either personally participated in the alleged deprivation of constitutional rights; knew

of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (citation and quotation omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Thus, a plaintiff cannot demonstrate that an individual officer is liable "without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir.2002); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

Here, Plaintiff alleges only that Sheriff Paul Pastor knew or should have known that Defendant Dickerson would violate Plaintiff's constitutional rights given Defendant Dickerson's past conduct and past complaints about his conduct. Although the Court is required to construe the pleadings of pro se litigants liberally and to afford pro se plaintiffs the benefit of the doubt, *see, e.g., Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), the Court is nonetheless not required—nor even permitted—to "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Vague and conclusory allegations of official participation in civil rights violations cannot withstand a motion to dismiss because an essential element of a § 1983 claim is that the government official personally participated in the violation. See *id.* Moreover, the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949–50 (assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (*citing Twombly*, 550 U.S. at 555).

REPORT AND RECOMMENDATION - 9

Thus, Plaintiff must allege facts sufficient to support his claim that Sheriff Pastor knew or should have known that Defendant Dickerson would violate his constitutional rights.

Based on the foregoing, the undersigned recommends that Plaintiff be given an opportunity to amend his complaint to include factually specific allegations setting out his claims against Defendants Dickerson and Pastor. Plaintiff should include names, dates and the circumstances surrounding his claims against these individuals and state what constitutional right was allegedly infringed and how each of these Defendants caused him harm by violating that constitutional right.

The undersigned further recommends that all discovery in this case be stayed pending resolution of Plaintiff's pleadings as the parties should not face the burden and expense of propounding and responding to discovery related to claims that may not survive the pleading stage. *See, e.g., DiMartini v. Ferrin,* 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank,* 725 F.2d 478 (9th Cir. 1984) (court may relieve a party of the burdens of discovery while a dispositive motion is pending).

**B.      Concurrent State and Federal Court Filings**

Defendants also argue that this case should be dismissed because it is identical to one that was filed by Plaintiff in a small claims case filed in Pierce County District Court against Deputy Dickerson and Sheriff Pastor. ECF No. 17, Exhibit A. According to Defendant, the Pierce County case was dismissed on April 23, 2012 because Plaintiff failed to show for trial. ECF No. 17, at 3. (Plaintiff's complaint in this case was filed on February 29, 2012. (ECF No. 1)).

Defendants argue the "first-to-file" doctrine, which would apply had Plaintiff filed actions simultaneously in two federal district courts. *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (1982). The doctrine does not apply when a litigant, like the Plaintiff in

this case, files a case in state court and while the state case is pending, files a substantially similar case in federal court. In fact, a federal court's obligation to exercise the jurisdiction given it is generally "virtually unflagging." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Further, the existence of a case in one court does not defeat the court's jurisdiction over the same case in another court. *See, e.g., Stanton v. Embrey*, 93 U.S. 548, 554, 23 L.Ed. 983 (1877) ("the pendency of a prior suit in another jurisdiction is not a bar ... even though the two suits are for the same cause of action.")

There is no rule preventing duplicative concurrent *in personam* actions in state and federal courts. *See, e.g., Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922). In certain situations however, a dismissal or stay of the federal action until the determination of a parallel action pending in state court may be warranted as a matter of discretion under the equitable doctrine of abstention. *See, e.g., Colorado River*, 424 U.S. 800, 818–19, 96 S.Ct. 1236 (reinstating district court's stay of proceedings because of parallel state action, and listing nonexclusive factors relevant to the determination, which it deemed appropriate only in "exceptional circumstances.") These factors include: "the inconvenience of the federal forum"; "the desirability of avoiding piecemeal litigation"; and "the order in which jurisdiction was obtained by the concurrent forums." *Colorado River*, 424 U.S. 800, 818, 96 S.Ct. 1236. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Id*.

Defendants do not argue and the undersigned does not find any "exceptional circumstances" warranting dismissal under the equitable doctrine of abstention. The undersigned does not recommend, as urged by the Defendants, that the Court should apply the "first-to-file"

rule to these circumstances. It is recommended that Defendants' motion to dismiss based on the "first-to-file" doctrine be **denied**.

Accordingly, it is recommended as follows:

(1)     Defendants' motion to dismiss (ECF No. 17) should be **DENIED**.

(2)     Plaintiff's motion for sanctions (ECF No. 18) should be **DENIED.**

(3)     Plaintiff should be given an opportunity to amend his complaint to attempt to cure the deficiencies of his complaint identified herein.

(4)     All discovery in this matter should be **STAYED** pending further order of the Court.

(5)     This matter should be re-referred to the undersigned.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 6, 2012,** as noted in the caption.


        **DATED** this _20th_ day of June, 2012.


                                        _Karen L Strombom_
                                        Karen L. Strombom
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 12