1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

HILLARY WALLS,

Plaintiff,

v.

PAUL PASTOR, CHAD DICKERSON,

Defendants.

No. C12-5183 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  November 2, 2012**

11

12

13

14

15

16

17

Before the Court is the Motion to Dismiss of Defendants Paul Pastor and Chad

Dickerson.  ECF No. 28.   Plaintiff Hillary Walls[1] filed a response.  ECF No. 29.  Defendants

filed a reply.  ECF No. 30.  Having carefully considered the motion and balance of the record,

the Court recommends that Plaintiff's Amended Complaint be dismissed.  Plaintiff was given an

opportunity to amend her complaint to cure various deficiencies.  Her Amended Complaint does

not cure the defects and this matter should be dismissed.

18

**BACKGROUND**

19

20

21

22

23

24

On February 29, 2012, Plaintiff filed a Complaint against the Pierce County Sheriff, Paul

Pastor (Sheriff), Chad Dickerson (Deputy Sheriff), and "John Doe Officers 1-3".  ECF No. 7.

Plaintiff alleged that she was the victim of identity theft and theft of other personal property and

that Defendant Chad Dickerson delayed the filing of a police report of the incident.  She alleged

that this delay was against department policy and that Defendant Dickerson discriminated against

25

26

---

[1] Plaintiff is transgender and uses the female pronoun to describe herself although she is housed in a male prison.
The Court uses the female pronoun to refer to Plaintiff hereafter.

REPORT AND RECOMMENDATION - 1

1    her because of her race and disability.  She also alleged that Sheriff Pastor knew or should have

2    known that Defendant Dickerson would violate Plaintiff's constitutional rights given Defendant

3    Dickerson's past conduct and past complaints about his conduct.  *Id.,* at 5-7.

4    On June 20, 2012, this Court entered a Report and Recommendation, which denied the

5    motion to dismiss and carefully outlined how Plaintiff could file an amended complaint to

6    attempt to cure the deficiencies of her complaint.  ECF No. 21, p. 12.   The District Court

7    adopted the Report and Recommendation.  ECF No.  25.

8    On July 26, 2012, Plaintiff filed an Amended Complaint.  ECF No.  26.  The Amended

9    Complaint suffers from the same defects as did Plaintiff's original complaint.  In her Amended

10   Complaint, Plaintiff dropped Pierce County Sheriff and John Doe officers as plaintiffs, but

11   simply re-asserted the same facts.  She also adds numerous conclusory legal statements with no

12   factual support.  ECF No. 26, p. 1-7.

13   Defendants renew their motion to dismiss based on Plaintiff's failure to comply with the

14   directives contained in this Court's Report and Recommendation.  (ECF No. 28).  This Court

15   agrees that Plaintiff has failed to state a claim upon which relief may be granted and recommends

16   that the this action should be dismissed with prejudice.

**STANDARD OF REVIEW**

A court will dismiss a claim if it lacks sufficient factual material to state a claim that is

plausible on its face.  Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964-65 (2007).  A complaint that merely restates the elements of a cause

of action and is supported only by conclusory statements cannot survive a motion to dismiss.

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66.  When evaluating a motion to dismiss, a court

is not required to accept as true factual allegations that are based on unwarranted deductions of

REPORT AND RECOMMENDATION - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

fact or inferences that are unreasonable in light of the information provided in the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court may, in its discretion, dismiss a prisoner's complaint with or without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969), *reh'g denied*, 396 U.S. 869, 90 S. Ct. 35 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), *reh'g denied*, 405 U.S. 948, 92 S. Ct. 963 (1972).  While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also*, *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) requires:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

REPORT AND RECOMMENDATION - 3

1

2

**STATEMENT OF THE CASE**

3

Material allegations in the Amended Complaint indicate that on April 20, 2011, Plaintiff

4

made a 911 call to report a burglary at her home.  ECF No. 26, p. 3.  Defendant Dickerson

5

responded to the call, asked questions, went through Plaintiff's home, and advised Plaintiff to

6

prepare a hand-written statement and complete inventory sheets.  *Id.*  On April 24, 2011,

7

Defendant Dickerson returned to Plaintiff's home to retrieve Plaintiff's seven page statement and

8

theft inventory sheets.   Plaintiff also provided Defendant Dickerson with the name of the

9

Walgreens Store manager who was to turn over a video tape of suspects who were in the

10

Walgreens store with two stolen prescriptions.  *Id.*  Defendant Dickerson provided Plaintiff with

11

Pierce County Incident Report No. 111100729.1 and told Plaintiff that he would be filing the

12

evidence and writing a police report on the incident.  *Id.*

13

14

On April 20, 2011, Plaintiff reported the loss to her insurance company and advised them

15

that she had filed a police report and that the contacting officer was Defendant Dickerson.  *Id.*

16

Defendant Dickerson did not file a police report until four months later.  *Id.*, p. 4.

17

18

Without factual support, Plaintiff also asserts that Defendant Dickerson failed to file the

19

police report because "Plaintiff is Black has a disability and [Dickerson] does not like the

20

Plaintiff because [Dickerson] had taken a report from someone years ago about a [sic] alleged

21

bad check the Plaintiff wrote."  *Id.*, p. 4.  Plaintiff also alleges that Defendant Pastor should be

22

held liable because he "turned a blind eye" after being advised of Defendant Dickerson's conduct

23

and knew or should have known that Defendant Dickerson intentionally "treats Black people

24

differently from others similar situated."  *Id.*

25

26

REPORT AND RECOMMENDATION - 4

1    Plaintiff seeks $1 million in compensatory damages, $1 million in punitive damages as to

2  each Defendant, and $279,000.00 as to Defendant Pastor for negligent supervision.  *Id.*, p. 6.

3                                **DISCUSSION**

4    To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the

5  defendant must be a person acting under color of state law, and (2) his conduct must have

6  deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of

7
8  the United States.  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Implicit in the

9  second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429

10  U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980).  When a

11  plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

12
13  That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in

14  itself, necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*,

15  474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649

16  (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim

17  under 42 U.S.C. § 1983).

18    To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that

19  the particular defendant has caused or personally participated in causing the deprivation of a

20  particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981);

21
22  *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977).  To be liable for "causing" the deprivation of a

23  constitutional right, the particular defendant must commit an affirmative act, or omit to perform

24  an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.

25  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The inquiry into causation must be

26  individualized and focus on the duties and responsibilities of each individual defendant whose

REPORT AND RECOMMENDATION - 5

1    acts or omissions are alleged to have caused a constitutional deprivation.  *Leer v. Murphy*, 844

2    F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976).

3            Liberally construed, Plaintiff's Amended Complaint consists of the claims that: (1)

4    Defendant Dickerson failed to timely investigate and/or file his police report; (2) Defendant

5    Pastor failed to supervise Defendant Dickerson; (3) Defendants violated his due process rights;

6    and (4) Defendants violated his right to equal protection under the law.

7

8    **A.      Failure to Investigate Criminal Theft Complaint**

9            "The police have no affirmative obligation to investigate a crime in a particular way or to

10   protect one citizen from another even when one citizen deprives the other of liberty or property."

11   *Gini v. Las Vegas Metro Police Depart*., 40 F.3d 1041, 1045 (9th Cir. 1994); *DeShaney v.*

12   *Winnebago County*, 489 U.S. 189, 195-96, 109 S.Ct. 998, 1002-03, 103 L.Ed.2d 249 (1989).  As

13   a general principle then, an inadequate investigation does not provide a basis for a Section 1983

14   claim.  *Gomez v. Whiteney,* 757 F.2d 1005, 1006 (9th Cir. 1985).  However, if the investigation

15   infringed upon another constitutionally protected right, *i.e.,* such as due process and/or equal

16   protection, as alleged here, that constitutional violation provides the basis for the Section 1983

17

18   claim.

19           **1)      Due Process**

20           The Court previously directed Plaintiff that she needed to assert the deprivation of a

21   "protected liberty or property interest," and a "procedural protection" to state a procedural due

22   process claim under the Fourteenth Amendment.  ECF No.  21 (Report and Recommendation) at

23

24   7.  She has not done so.  Plaintiff has not identified what protected liberty or property interest she

25   was allegedly denied when Defendant Dickerson failed to file the police report for four months.

26   ECF No. 26.  There is no allegation that Plaintiff suffered any loss as the result of the alleged

REPORT AND RECOMMENDATION - 6

1

delay in the filing of the police report.  Instead, Plaintiff has simply restated the information that

2

was contained in her original complaint and inserted conclusory legal assertions.  For example,

3

Plaintiff states "[t]hese deprivations of these constitutional [sic] rights was the proximately [sic]

4

cause of the plaintiff damages and losses".  ECF No. 26, ¶ 4.

5

6

Plaintiff's Amended Complaint remains deficient and suffers from the flaws recognized

7

in *Gomez*:  "[W]e can find no instance where the courts have recognized inadequate investigation

8

as sufficient to state a civil rights claim unless there was another recognized constitutional right

9

involved."  757 F.2d at 1006.

10

### b)     Equal Protection

11

The Court previously noted that Plaintiff's equal protection claim was deficient because

12

Plaintiff failed to include any factual allegations to support her conclusory statement that

13

Defendant Dickerson allegedly failed to file his report because of Plaintiff's race and an

14

undisclosed disability.  ECF No. 21 (Report and Recommendation) at 8.  The Court also noted

15

that Plaintiff failed to alleged how she was treated differently from other similarly situated

16

persons, that the difference in treatment was intentional, or that there was any rational basis for

17

18

the difference in treatment.  *Id.*, at 8.

19

Plaintiff has failed to cure these deficiencies.  Instead, she simply parrots the language of

20

this Court's Orders.  The Amended Complaint makes blanket assertions with no underlying

21

factual bases.  For example, she states:  "Defendant Chad Dickerson denied the plaintiff Equal

22

Protections of the laws and discriminated against the plaintiff because the plaintiff is black ...."

23

ECF No.  26, at 2.  There simply are no facts from which one could infer racial discrimination.

24

25

See *Elliot-Park v. Manglona*, 592 F.3d 1003 (9th Cir. 2010).  The Amended Complaint is also

26

devoid of facts from which one could infer discrimination based on any disability or indeed, that

REPORT AND RECOMMENDATION - 7

1   Plaintiff is, in fact, disabled.  Nor are there facts which show that the discrimination was

2   intentional or that there was no rational basis for the difference in the treatment.  Plaintiff has

3   merely alleged that there was a delay in the filing of a police report and that if she were white

4   like other people in her apartment complex, she would be treated differently.  ECF No. 26, pp. 3-

5   7.

6

7       Other than conclusory assertions that the delay in the investigation is different than other

8   "similarly situated persons," there are no facts alleged in the complaint to support this claim.

9   ECF No.  26, p. 4,  20.  Plaintiff has done nothing more than provide a "formulaic recitation of

10  the elements of a cause of action."  This is not enough.  "A pleading that offers 'labels and

11  conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*,

12  129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

13

14      Plaintiff was given an opportunity to amend to correct the errors in her original

15  complaint.  After taking the material allegations of the Amended Complaint as true and liberally

16  construing them in Plaintiff's favor, it is clear that she has failed to state a claim under 42 U.S.C.

17  § 1983.

18  **B.      Failure to Supervise**

19      Plaintiff attempts to hold Sheriff Paul Pastor liable in his supervisory capacity because

20  Defendant Pastor "turned a blind eye" after being advised of Defendant Dickerson's conduct and

21  "knew or should have known" that Defendant Dickerson intentionally "treats Black people

22  differently from others similar situated."  ECF No. 26, at 5.

23

24      An individual may be liable for deprivation of constitutional rights within the meaning of

25  § 1983, only if "he does an affirmative act, participates in another's affirmative acts, or omits to

26  perform an act which he is legally required to do that causes the deprivation of which complaint

REPORT AND RECOMMENDATION - 8

1   is made." *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).

2   A plaintiff cannot demonstrate that an individual officer is liable "without a showing of

3   individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th

4   Cir.2002); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

5      Plaintiff was previously advised that she must do more than allege that "[s]heriff Paul

6
7   Pastor knew or should have known that Defendant Dickerson would violate Plaintiff's

8   constitutional rights given Defendant Dickerson's past conduct and past complaints about his

9   conduct."  ECF No. 21 (Report and Recommendation), at 9.  However, the Amended Complaint

10  makes these same sweeping legal conclusions. See ECF No.  26, p. 4-5, ¶¶ 21-28.  Plaintiff has

11  done nothing more than add language that Sheriff Pastor "turned a blind eye" after being told of

12  Defendant Dickerson's conduct.  This is not sufficient to state a claim against Sheriff Paul

13
14  Pastor.  See *Hansen*, 885 F.2d at 646 (plaintiff must allege facts indicating that supervisory

15  defendants either: personally participated in the alleged deprivation of constitutional rights; knew

16  of the violations and failed to act to prevent them; or promulgated or "implemented a policy so

17  deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force

18  of the constitutional violation'").

19     The undersigned recommends that Plaintiff's claims against Sheriff Pastor be dismissed

20  for failure to state a claim.  She was given an opportunity to amend to correct the errors in his

21  original complaint.  After taking the material allegations of the Amended Complaint as true and

22
23  liberally construing them in Plaintiff's favor, it is clear that she has failed to state a claim under

24  42 U.S.C. § 1983.

25

26

REPORT AND RECOMMENDATION - 9

**CONCLUSION**

The undersigned recommends that Defendants' motion to dismiss (ECF No. 28) be

**GRANTED** and that Plaintiff's claims be **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

Clerk is directed to set the matter for consideration on **November 2, 2012**, as noted in the

caption.


        **DATED** this 12th   day of October, 2012.


                                        Karen L. Strombom
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 10